

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
UNITED STATES OF AMERICA,            :
                                     :          COMPLAINT
            - v -                    :
                                     :          07 Civ.
$6,700 in United States currency,    :
                                                 **07 CV 11160**
            Defendant-in-rem.        :
                                     :
------------------------------------x

        Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

                I. JURISDICTION AND VENUE

        1.   This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $6,700 in United States currency (the "defendant-in-rem currency");

        2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is proper under 28 U.S.C. § 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found and seized in the Southern District of New York.

        3.   The defendant-in-rem currency is presently in the custody of the United States Marshals Service ("USMS") Seized

Asset Deposit Fund Account held at the Federal Reserve Bank.

## II. PROBABLE CAUSE FOR FORFEITURE

4.  Members of the Drug Enforcement Administration ("DEA") New York Drug Enforcement Task Force ("NYDETF") Group T-23 have been investigating an international drug trafficking organization ("the Organization") responsible for the importation and distribution of significant amounts of heroin. Specifically, this investigation has used Title III intercepts to target an individual named Ismael Canela, a/k/a "El Mello," one of the members of the Organization.

5.  Utilizing surveillance and intelligence gathered through Canela's intercepted telephone conversations, T-23 was able to identify 1398 Grand Concourse, Bronx, New York, as a location used by the Organization to store and process heroin. Intercepted conversations on June 26, 27, and 28, 2007, indicated that Canela and an associate were then currently storing a quantity of narcotics at 1398 Grand Concourse. On June 28, 2007, as Canela was entering the building at 1398 Grand Concourse, he was arrested by members of T-23, who subsequently recovered a set of keys from Canela. In the course of their investigation, the members of T-23 were able to determine that the keys fit Apartment 3A. As they stood outside the door to Apartment 3A, they were able to see movement and hear noise inside of the apartment which necessitated an immediate entry.

6.   Upon entering Apartment 3A, members of T-23 observed an individual identified as Jesus Martinez in the bathroom of the apartment holding a tupperware container with what was later determined to be heroin.  Martinez was arrested and the apartment was secured pending the issuance of a New York State search warrant.  During the entry, another occupant later identified as Justo Oviedo Baez was able to escape down the fire escape and was not taken into custody.

7.   Members of T-23 applied for, and were granted, a New York State search warrant for 1398 Grand Concourse, Apartment 3A, Bronx New York.  The warrant was executed on the same day.  Approximately 1,150 grams of suspected heroin was recovered during the search, as well as heroin processing paraphanelia.  Pursuant to the warrant, a dark colored plastic bag was recovered from inside the oven.  The bag was found to contain $6,700 in United States currency.

8.   Chalas was interviewed on June 28, 2007, in apartment 3A.  He stated in sum and substance that he was living in the apartment and that he was the person who had rented the apartment.  Chalas also stated in sum and substance that he had rented a room in the apartment to El Mello, and that he had no knowledge of any drug related activity occurring in the apartment.  Chalas showed a T-23 member two places inside of the apartment where Chalas had hidden his personal money.  Chalas did

not tell the T-23 member about the currency inside the oven.

### III. CLAIM FOR FORFEITURE

8.  Incorporated herein are the allegations contained in paragraphs one through seven of the Complaint.

9.  Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

10. The defendant-in-rem currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

11. By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       December 11, 2007

By: _____

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

SHARON A. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2329

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

PHILIP KLEMICK, being duly sworn, deposes and says that he is a Special Agent with the United States Drug Enforcement Administration, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the New York City Police Department, the State of New York, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 21, United States Code.

```
_____
PHILIP KLEMICK
Special Agent
Drug Enforcement Administration
```

Sworn to before me this
11th day of December, 2007

_____
NOTARY PUBLIC
LESLEY B. GLENN
Notary Public, State of New York
No. GL-4654637
Qualified in New York County
Commission Expires 6/30/11

6